## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| In re<br><br>ZBIGNIEW P. SLABICKI,<br><br>　　　　　　　　　　Debtor<br><br>ZBIGNIEW P. SLABICKI,<br><br>　　　　　　　　　　Plaintiff<br><br>v.<br><br>MARK GLEASON and<br>ROBERT CARP,<br><br>　　　　　　　　　　Defendants | Chapter 7<br>Case No. 09-21274-FJB<br><br><br><br><br><br>Adversary Proceeding<br>No. 09-01386 |

### MEMORANDUM OF DECISION ON
### COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY

By his complaint in this adversary proceeding, debtor Zbigniew Slabicki ("Slabicki") seeks compensatory and punitive damages under 11 U.S.C. § 362(k)(1) against Robert Carp ("Carp") and Mark Gleason ("Gleason") for violating the automatic stay. Slabicki contends that the defendants violated the stay when Gleason, through Carp, a constable in Gleason's employ, executed a capias against him in a civil action to enforce Gleason's prepetition claim against a defunct corporation, Boston Electronic Cash Register ("BECR"), of which Slabicki was president and sole shareholder. A debtor seeking damages under § 362(k)(1)[1] bears the burden of proving by a preponderance of the evidence that a violation of the automatic stay occurred, that the violation was willfully committed by the respondent, and that the debtor suffered damage as a result of the violation." *In re Panek*, 402 B.R. 71, 76 (Bankr. D. Mass. 2009) (citations omitted). After a trial, I now find that the actions in question were an attempt to collect a

---

[1] In relevant part, subsection 362(k)(1) states that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

debt owed by the corporation, not by Slabicki himself, and that the collection action was designed, intended, and appropriately limited to obtain recovery from the corporation, not from Slabicki or his assets, and therefore that no violation of the stay occurred.

The actions occurred entirely in a small-claims action filed by Gleason against BECR. Slabicki himself was not a defendant in that action, and, as Gleason and Slabicki both understood, he was not personally indebted to Gleason. After judgment entered by default against the corporation, Slabicki as president of the corporation was ordered to appear at a payment review hearing but failed to do so, placing him in contempt of that order, and it was upon that contempt that a capias issued against him. The defendants' intent was to enforce the debt against the corporation, not against Slabicki, his assets, or those of his bankruptcy estate. The enforcement mechanism they used, a capias against the president of the defendant corporation, was a legitimate means for enforcement of a judgment debt against the corporation. See MASS. GEN. LAWS. ch. 224 § 18 (In supplementary proceedings in civil proceedings, "[t]he court may issue warrants for arrest and other processes to secure the attendance of debtors or creditors to answer for any contempt under this chapter. The term debtor, as used in this section shall mean, if the debtor is a corporation or a trust with transferable shares, the contemnor as defined in section fourteen or section sixteen.") and MASS. GEN. LAWS. ch. 224 § 16 ("Failure, without just excuse, to obey any lawful order of the court in supplementary proceedings shall constitute a contempt of court; and if the debtor is a corporation, the court shall treat the president, treasurer, cashier or other officer or agent in charge of the payment of debts as the contemnor."). Slabicki does not cite a particular part of the stay that he contends the defendants violated. The stay does not protect a debtor from actions by creditors of corporations of which they are officers to collect their claims against the corporation, and I do not understand Slabicki to contend otherwise. Slabicki has not carried his burden of proving that the actions of Gleason and Carp were attempts to obtain satisfaction of Gleason's claim

2

from Slabicki or his assets.  The Court is satisfied that the defendants' actions were not violations of the

automatic stay.  Judgment will therefore enter for the defendants.

Date:  August 22, 2011

_____
Frank J. Bailey
United States Bankruptcy Judge